"McTaRDAND, J.,
delivered tbe opinion of the- court:
The judgment of the- .mayor against McCollum, as garnishee, was clearly erroneous. Because the answer of Mc-Collum was not reduced to writing- and s-igned by -him, tbe recital in the judgment is not sufficient. See Pickler v. Rainey, 4 Heis., 335.
2d. Upon tbe facts as they existed, and as McCollum, tbe garnishee, detailed them verbally to tbe mayor, he was dearly not liable to the judgment. The chairman) of the county court had issued a county warrant in favor of Mays, on account of his salary as superintendent of the county poorhouse, and left this warrant with McCollum to hand to Mays. This clearly did not render McCollum liable to the judgment rendered by the mayor. The petition in *353 this case asks to have the execution against the petitioner brought up and quashed. But we think it may be fairly taken, also, as an application to bring up the; judgment. The judgment 'is complained of as being void, and the prayer is that it be vacated; and as it has been held the proper practice to try the case in the circuit court, upon the answer before the justice, and as there was no sufficient answer to charge the garnishee, and as he was not, in fact, hable, we reverse the judgment of the circuit court, and reverse and vacate the judgment of the mayor, and discharge McCollum, the garnishee.